IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0475-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles Brown seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including back and neck pain, vision problems, nerve damage in his hands, diabetes, and hypertension. After his application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on March 9, 2010. At the time of the hearing, plaintiff was 51 years old. He is a high school graduate with past work experience as a landscaper. Plaintiff has not engaged in substantial gainful activity since May 29, 2009.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff suffered from severe diabetes and hypertension, the judge concluded that the severity of those impairments did not meet or equal any

impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform light work with some non-exertional limitations, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a cafeteria attendant, a cleaner/housekeeper, and a fast-food worker -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two grounds for relief, plaintiff contends that: (1) the ALJ used the wrong legal standard in evaluating the severity of his impairments; and (2) the assessment of his residual functional capacity is not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Among the arguments made by plaintiff is a single ground that compels remand -- the ALJ used the wrong legal standard in implicitly finding that some of his alleged impairments, including pain and numbness in his hands, back pain, and right wrist deformity, are "not severe." (*See* Plf. MSJ Br. at 8-10).[1] The applicable social security regulation provides:

> If you do not have any impairment or combination of impairments
> which significantly limits your physical or mental ability to do basic

---

[1] Some of these symptoms allegedly stem from impairments other than diabetes and hypertension. For example, plaintiff claims that his back pain is associated with a disk problem, and that the pain and numbness in his hands began when he broke both wrists. (*See* Plf. MSJ Br. at 9-10, *citing* Tr. at 29-30, 246, 248).

>work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. § 404.1520(c). Notwithstanding the plain language of this regulation, the Fifth Circuit has held that a literal application of section 404.1520(c) would exclude far more claimants than the statute intended. *See Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000), *citing Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). As a result, "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101, *quoting Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984). If the ALJ does not set forth the correct standard by reference to *Stone* or by an express statement recognizing the proper construction of the regulation, the court must presume that an incorrect standard has been applied and remand the claim to the Commissioner for reconsideration. *See Loza*, 219 F.3d at 393; *Stone*, 752 F.2d at 1106; *Key v. Astrue*, No. 3-06-CV-1087-N, 2007 WL 2781930 at *3 (N.D. Tex. Sept. 4, 2007).

The ALJ did not cite to *Stone* or a case of similar import in addressing the severity standard, and stated that an impairment was not severe "when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work[,]" (*see* Tr. at 15), thus suggesting that some interference with the ability to work was permissible. *Stone* does not allow for any interference with the ability to work, not even minimal interference. *See Padalecki v. Astrue*, 688 F.Supp.2d 576, 580 (W.D. Tex. 2010), *citing Scroggins v. Astrue*, 598 F.Supp.2d 800, 805 (N.D. Tex. 2009). The failure to cite *Stone*, combined with the loose phraseology used by the ALJ in discussing the severity standard at Step 2 of the sequential evaluation analysis, gives rise to a presumption that the judge applied the

wrong legal standard in evaluating the severity of plaintiff's impairments. *See, e.g. Hutchins v. Astrue*, No. 3-10-CV-0077-BD, 2011 WL 1136246 at *3 (N.D. Tex. Mar. 25, 2011) (citing cases).

Although the Commissioner may rebut this presumption by showing that the ALJ used the correct legal standard, that showing is not made here. That the ALJ referred to applicable social security regulations and rulings, including 20 C.F.R. § 416.920(c), 20 C.F.R. § 416.921, SSR 85-28, SSR 96-3p, and SSR 96-4p, does not substitute as a proper construction of the *Stone* standard. *See, e.g. Lederman v. Astrue*, No. 3-10-CV-1987-M-BK, 2011 WL 5346268 at *7 (N.D. Tex. Nov. 3, 2011); *Jones v. Astrue*, No. 3-11-CV-0107-BK, 2011 WL 4498872 at *7 (N.D. Tex. Sept. 28, 2011); *Garcia v. Astrue*, No. 3-08-CV-1881-BD, 2010 WL 304241 at *3 (N.D. Tex. Jan. 26, 2010). Similarly, the brief citation to *Stone* elsewhere in the hearing decision does not remedy this legal error. The ALJ referenced *Stone* in connection with his discussion about a new mental impairment that did not meet the durational requirements of the social security regulations. (*See* Tr. at 18). However, that discussion has nothing to do with assessing the severity of plaintiff's pain and numbness in his hands, back pain, and right wrist deformity.

The court also rejects the Commissioner's argument that the failure to reference *Stone* is mere procedural error. In the Fifth Circuit, courts have no discretion to determine whether such an error is harmless. *See Scroggins*, 598 F.Supp.2d at 806-07. "Unless the correct standard is used, the claim *must* be remanded to the Secretary for reconsideration." *Stone*, 752 F.2d at 1106 (emphasis added); *see also Varela v. Astrue*, No. 4-11-CV-0232-Y, 2012 WL 473761 at *5 n.2 (N.D. Tex. Jan. 4, 2012), *rec. adopted*, 2012 WL 473918 (N.D. Tex. Feb. 14, 2012) (collecting Northern District cases holding that failure to apply *Stone* standard is legal error requiring reversal); *Adcock v. Astrue*, No. 3-10-CV-2257-BD, 2011 WL 5529555 at *4 (N.D. Tex. Nov. 14, 2011) (remand required where the ALJ cited to *Stone*, but nonetheless applied incorrect standard); *Neal v. Comm'r of Soc. Sec. Admin.*,

No. 3-09-CV-0522-N, 2009 WL 3856662 at *1 (N.D. Tex. Nov. 16, 2009) (ambiguity as to whether proper legal standard was used in making severity determination must be resolved at the administrative level).

### CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[2]

SO ORDERED.

DATED: February 29, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.